UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ) | |
| CORINTHIAN C. HOUSEN, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
|     v. ) | Civil Action No. |
| ) | 12-10623-FDS |
| BRUCE GELB, Superintendent, ) | |
| Massachusetts Correctional Institute, Concord ) | |
| ) | |
|     Respondent. ) | |
| ) | |

# MEMORANDUM AND ORDER
# ON PETITION FOR HABEAS CORPUS

**SAYLOR, J.**

    This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Corinthian C. Housen was convicted in June 2004 in Plymouth Superior Court of one count of joint-venture felony murder and one count of attempted armed robbery. He is currently serving a term of life imprisonment at the Massachusetts Correctional Institute at Cedar Junction. He now seeks habeas relief pursuant to § 2254.

    Housen sets forth three bases for relief in his habeas petition. First, he contends that the retroactive application of *Commonwealth v. Zanetti*, 454 Mass. 449 (2009), by the Supreme Judicial Court to his case constituted a violation of due process. Second, he contends that the SJC's finding that the evidence was sufficient to support a finding of liability as a principal was an unreasonable application of state law. Third, he contends that the Commonwealth violated his due process rights by proceeding on inconsistent theories of principal liability at his trial and

his co-defendant's trial.

**I.      Background**

      **A.      Factual Background**

The facts are described in detail in the opinion of the Supreme Judicial Court. *See Commonwealth v. Housen*, 458 Mass. 702 (2011). Only the basic facts are set forth here.

Fitzroy Hecker was murdered on the night of April 18, 2001. On the night of the murder, Corinthian Housen, Damon Cannon, and Leroy Drane entered the victim's apartment building shortly before midnight. The victim was a drug dealer and often sold marijuana from his apartment.

Apart from Housen, Hecker's girlfriend, Kerry Murphy, was the only individual to testify at trial who was also at the apartment during the time of the murder. Murphy testified that she was alone in the bedroom when Housen, Cannon, and Drane entered the apartment. A voice she recognized as Cannon's said, "I don't know, an ounce." She then heard another voice say, "Run him" or "Run it," which she understood to mean "rob him," followed by the sound of four gunshots. Murphy emerged from the bedroom and saw one individual flee into the common hallway. She also observed Cannon standing in the living room with an expression of shock on his face; he did not appear to have a gun. Moments later, he fled as well. Hecker, who had sustained two gunshot wounds to his neck and a third to his wrist, later died from his wounds.

Housen testified at the trial. He testified that he accompanied Cannon and Drane to the apartment to buy marijuana; that Hecker had pulled out a gun; that he had turned to flee when Cannon fired a gun; and that one of the shots hit him in the hand. He denied knowing that Cannon had a gun and denied involvement in the planning of a robbery.

### B.      **<u>Procedural Background</u>**

The Commonwealth prosecuted Cannon and Housen at separate trials as joint venturers acting together to commit an armed robbery. Housen maintained that Cannon shot the victim and denied any involvement in the armed robbery. In June 2004, Housen was convicted in the Superior Court of one count of joint-venture felony murder and one count of attempted armed robbery.

On January 31, 2007, Housen filed a direct appeal to the SJC. He challenged his conviction on four grounds, contending that (1) the conviction should be reversed because the evidence was insufficient to support a finding of liability as a principal and the jury failed to specify whether the conviction was premised on joint or principal liability; (2) the Commonwealth's assertion of inconsistent theories of joint and principal liability at Cannon's and Housen's trials violated his due process rights; (3) the jury instruction on intent for attempted and armed robbery was erroneous; and (4) the Court violated his Sixth Amendment right to confront witnesses by admitting findings and opinions from an autopsy report where Housen had no opportunity to cross-examine the report's author.

During oral argument at the SJC, questions arose as to whether *Commonwealth v. Zanetti* applied to Housen's appeal. Counsel for Housen submitted a letter to the SJC stating that because *Zanetti* was decided after the trial and changed the requirements for joint-venture liability, its retroactive application would raise due process concerns. The SJC rejected all four arguments and affirmed his convictions on January 20, 2011.

On April 6, 2012, Housen filed a petition for a writ of habeas corpus in this Court. In the petition, he first contends that the SJC's retroactive application of *Zanetti* to his trial and

conviction constituted a violation of his due process rights.[2]  Second, he contends that the SJC's determination that the evidence was sufficient to support a finding that he acted as a principal constituted an unreasonable application of state law.  Finally, he contends that the Commonwealth's assertion of inconsistent theories of principal responsibility at his trial and Cannon's trial violated his due process rights.

## II. Standard of Review

A federal court may not grant an application for a writ of habeas corpus for a person in state custody unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  Factual determinations made by the state court are presumed correct and a petitioner bears the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  The presumption of correctness applies to both state trial and appellate court factual determinations.  *See Sumner v. Mata*, 449 U.S. 539, 545-547 (1981).

In addition, a federal court may not consider a petition for a writ of habeas corpus filed by a person in state custody unless the petitioner has exhausted his state court remedies with respect to all claims raised in his application.  *See* 28 U.S.C. § 2254(b)(1).  *See also Rose v. Lundy*, 455 U.S. 509, 518 (1982).  It is the petitioner's burden to demonstrate exhaustion as to all

---

[2] In *Zanetti*, 454 Mass. at 466-67, the SJC addressed the issue of general verdicts for joint-venture liability. Before *Zanetti*, the rule was that when the jury returned a general verdict of guilt as to joint-venture liability there needed to be sufficient evidence to support a finding that the defendant acted as a principal and an accomplice.  *See Commonwealth v. Plunkett*, 422 Mass. 634, 639 (1996).  The court in *Zanetti* reasoned that the test for joint-venture liability does not distinguish between an accomplice and a principal, and therefore held that the jury would no longre be required to specify the defendant's role in the offense.

claims. *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002). In order to satisfy the exhaustion requirement, a petitioner must establish that both the factual and legal bases of his federal claim were "fairly and recognizably presented to the state courts." *Adelson v. DiPaola*, 131 F.3d 259, 262 (1st Cir. 1997) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)). A claim that is raised for the first time before a state's highest court for the purposes of discretionary review is not fairly presented for the purposes of exhaustion. *Gunter v. Maloney*, 291 F.3d 74, 82 (1st Cir. 2002) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

**III.    Analysis**

    **A.    Exhaustion of Claims**

In evaluating whether a claim has been fairly presented, and thus exhausted, the Court must determine whether the underlying claim before the state would alert a reasonable jurist to the existence of the federal question. *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994). Although a petitioner need not present his federal claims in precisely the same manner in both state and federal court, the claims raised by a habeas petitioner in federal court must be the "substantial equivalent" of those raised before the state's highest court. *Barresi*, 296 F. 3d at 52 (citing *Picard*, 404 U.S. 270 at 277-78). "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988).

In the present matter, it is uncontested that petitioner has exhausted his claim that the inconsistent theories of principal liability presented at his trial and his co-defendant's trial violated his due process rights. He raised the Fourteenth Amendment claim in both his brief to the SJC and his habeas petition.

Similarly, respondent does not contend that petitioner failed to exhaust his state-court remedies as to his claim concerning the sufficiency of the evidence. Although petitioner relied heavily on state law and provided only a single parenthetical citation to Supreme Court precedent in his brief to the SJC, the argument in his petition for habeas corpus is substantially similar to the claim presented to the state court. *See Martinez v. Quarterman*, 254 Fed. Appx. 318, 320 (5th Cir. 2007) (finding that petitioner's claims were properly exhausted where arguments to the state and federal courts "are substantially similar and the claims were presented fairly to the state courts"). Indeed, in his brief to the SJC, petitioner referred to *Commonwealth v. Latimore*, 378 Mass. 671 (1979), which essentially re-articulated the standards established by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307 (1979), and *In re Winship*, 397 U.S. 358 (1970). *See Latimore*, 378 Mass. at 677. Accordingly, petitioner has properly exhausted his claim of insufficient evidence.

However, respondent contends that petitioner failed to exhaust his retroactivity claim because it was presented to the SJC on discretionary review. Petitioner first raised the issue to the SJC on September 30, 2010, in a letter submitted pursuant to Rule 16(l) of the Massachusetts Rules of Appellate Procedure.[3] In that letter, petitioner explained that the retroactive application of *Zanetti* to his case would constitute a violation of due process and cited to relevant federal authorities.

---

[3] Rule 16(l) of the Massachusetts Rules of Appellate Procedure states as follows:

When pertinent and significant authorities come to the attention of a party after his brief has been filed, or after oral argument but before decision, a party may promptly advise the clerk of the court, by letter, with a copy to all counsel, setting forth the citations. There shall be a reference either to the page of the brief or to a point argued orally to which the citations pertain, but the letter shall without argument state the reasons for the supplemental citations. Any response shall be made promptly and shall be similarly limited.

The Court has been unable to locate any precedent addressing the question of whether an issue presented pursuant to Mass. R. App. P. 16(l) satisfies the requirements for exhaustion. Nonetheless, it is clear that the issue was presented to the SJC, even if the presentation occurred outside the normal briefing process.  Furthermore, at least one court has found that issues raised in a supplemental letter are exhausted for purposes of a habeas corpus petition.  *See Leiva v. Heath*, 2011 WL 2565487 at *5 (S.D.N.Y. June 22, 2011).  Accordingly, the Court concludes that petitioner has exhausted his claim concerning the retroactive application of *Zanetti*.

Because this Court finds that all three issues raised by petitioner have been properly exhausted, it will address the merits of his claims.

### B.     Retroactive Application of *Zanetti*

Petitioner contends that the SJC's retroactive application of *Zanetti* constitutes a due process violation.  Although the SJC cited to *Zanetti* in its decision, it also concluded that "the evidence . . . was sufficient to support a finding that the defendant was the shooter."  458 Mass. at 707-08.  *Zanetti* only changed the law to the extent that the jury no longer needs to specify that the defendant acted as an accomplice when the evidence was insufficient to support a theory of principal liability.  It has no bearing on a case where there was sufficient evidence to support both theories of liability submitted to the jury,

Accordingly, petitioner's request for habeas relief on the grounds that the SJC's retroactive application of *Zanetti* violated his due process rights will be denied.

### C.     Sufficiency of the Evidence

Petitioner next contends that the evidence was insufficient to support a theory of principal liability.  In determining whether evidence is sufficient to uphold a conviction, the

7

relevant constitutional question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  When a state court has reviewed a challenge to the sufficiency of the evidence under the appropriate constitutional standard, the "state court's decision is not vulnerable unless it evinces some increment of incorrectness beyond mere error." *See Leftwich v. Maloney*, 532 F.3d 20, 23 (1st Cir. 2008); *Latimore*, 378 Mass. at 677-78 (holding that the *Jackson* standard for directed verdicts is "substantially comparable to that heretofore applied by this court").  A state-court adjudication framed in terms of state law may receive deference under 28 U.S.C. § 2254(d)(1) "so long as the state standard is at least as protective of the defendant's rights as its federal counterpart." *Leftwich*, 532 F.3d at 23-24.

In his petition, petitioner essentially provides an overview of the facts in the light most favorable to himself.  That is not, however, a reason to overturn conviction.  In its decision, the SJC found:

> The evidence also supports a finding beyond a reasonable doubt that the defendant was the shooter.  When the victim's girl friend entered the living room and saw Cannon, he appeared stunned at what occurred, and he did not appear to have a gun in his possession. . . . The jury could have inferred the defendant put one hand on the victim as the victim reached for his gun in the sofa and then shot him in the back of the neck at close range.

*Housen*, 458 Mass. at 708.  The court concluded that the evidence was sufficient for a reasonable juror to make a finding that petitioner was the shooter, and that finding is entitled to deference.  The state court's determination was not an unreasonable application of state law.

Accordingly, and petitioner's request for habeas relief on the grounds that there was insufficient evidence to support a conviction will be denied.

## C.     Inconsistent Theories of Liability

Finally, petitioner contends that the prosecution asserted inconsistent theories of liability at his trial and his co-defendant's trial, in violation of his due process rights.  At Cannon's trial, the prosecution argued that Cannon was the principal; during petitioner's trial, it argued that petitioner was the principal.

After hearing this argument, the SJC determined that two rational conclusions based on ambiguous evidence will not constitute a due process violation, and that "[t]his is especially true with respect to cases against co[-]defendants based on a theory of joint venture . . . , where it cannot be determined which of the defendants fired the fatal shot."  *Id.* at 709.

A federal court may only grant an application for a writ of habeas corpus where the state court decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d). Petitioner fails to identify any Supreme Court case dealing with irreconcilable theories of liability.  Indeed, the Supreme Court in *Bradshaw v. Stumpt*, 454 U.S. 175, 187 (2005), left open the question of whether prosecutorial inconsistencies constitute a violation of due process, stating that it expressed "no opinion on whether the prosecutor's actions amounted to a due process violation" where the prosecutor argued conflicting theories at co-defendants' trials. Absent clearly established Supreme Court precedent, petitioner's argument is unavailing.  *See Lockyer v. Andrade*, 538 U.S. 63, 70 (2003) (determining that "[a]s a threshold matter" the court must identify clearly established Supreme Court precedent).

Accordingly, petitioner's claim for habeas relief on the grounds that the prosecution violated his due process rights by advancing different theories of liability will be denied.

**IV.     Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  April 17, 2013